

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

SEP 2 4 2010

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

| | |
|---|---|
| SABREEM ALEEM, | ) |
| | ) |
| Plaintiff, | ) 2:10 cv 145 BSM |
| | ) |
| v. | ) |
| | ) This case assigned to District Judge Miller |
| NATIONAL CREDIT SYSTEMS, INC., | ) and to Magistrate Judge Young |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, SABREEM ALEEM, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, NATIONAL CREDIT SYSTEMS, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.     SABREEM ALEEM, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Wynne, County of Cross, State of Arkansas.

5.     The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to The Grove at Jonesboro (hereinafter "Grove").

1

6.     The debt that Plaintiff allegedly owed Grove was for a rental bill, incurred by Plaintiff relative to her personal residence.

7.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.     NATIONAL CREDIT SYSTEMS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is incorporated in the State of Georgia.

9.     The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   ALLEGATIONS

14.   On or about February 1, 2010, Defendant sent Plaintiff a correspondence in an attempt to collect a debt allegedly owed by Plaintiff to Grove.

15.   The aforementioned correspondence stated that Plaintiff owed a debt in the amount of $4,390.00 to Grove.

16.   Upon information and belief, the debt Plaintiff allegedly owed Grove totaled no more than one-thousand dollars ($1,000.00).

17.   By sending a correspondence to Plaintiff seeking to collect a debt in the amount of $4,390.00, Defendant misrepresented the amount of the debt that Plaintiff allegedly owed to Grove.

18.   Defendant's representation that Plaintiff owed a debt in the amount of $4,390.00 was false, deceptive and/or misleading given that the debt Plaintiff allegedly owed was, upon information and belief, no greater than one-thousand dollars ($1,000.00).

19.   In or around June 2010, before 12 p.m., Plaintiff received a telephone call from Defendant who stated that it was calling to collect a debt allegedly owed by Plaintiff to Grove.

20.   During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff specifically advised Defendant that she was unable to accept calls from Defendant before noon because Plaintiff was at work.

21.   Plaintiff further informed Defendant that her employer does not permit her to accept calls of such nature while she is at work.

22.   In or around June 2010 through July 2010, and on multiple occasions therein, despite being advised that Plaintiff could not accept calls before 12 p.m. because Plaintiff was at work, Defendant proceeded to initiate multiple telephone calls to Plaintiff before noon.

3

23.     In or around July 2010, Plaintiff engaged in a telephone conversation with a duly authorized representative of Defendant.

24.     At no time during the course of the aforementioned telephone call to Plaintiff did Defendant provide information relative to the individual caller's identity.

25.     During the aforesaid telephone call, Plaintiff informed Defendant that she disputed owing a debt in the amount that Defendant was attempting to collect from Plaintiff.

26.     In response to Plaintiff's statements, Defendant informed Plaintiff that Plaintiff did owe the debt and Defendant was "in the process of filing a lawsuit against [Plaintiff]" to collect on the debt.

27.     Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

28.     Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

29.     Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

30.     Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

31.     Despite having multiple contacts with Plaintiff and despite being fully cognizant of Plaintiff's location, on or about July 15, 2010, Defendant proceeded to initiated a telephone call to Plaintiff's mother's residence.

32.     During the course of the aforementioned telephone call between Plaintiff's mother and Defendant, Defendant's representative disclosed the name of Defendant despite not being expressly requested to do so.

4

33.     During the course of the aforementioned telephone conversation, Defendant disclosed to Plaintiff's mother that it was calling regarding a debt that Plaintiff owed.

34.     Plaintiff's mother relayed the contents of the aforementioned telephone call to Plaintiff.

35.     Plaintiff did not consent to Defendant contacting third parties.

36.     In its attempts to collect the debt allegedly owed by Plaintiff to Grove, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a.  Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

    b.  Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

    c.  Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

    d.  Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

    e.  Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    f.  Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

    g.  Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    h.  Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

5

i.   Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

j.   Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

k.   Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

l.   Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

37.   As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

38.   Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SABREEM ALEEM, by and through her attorneys, respectfully prays for judgment as follows:

a.   All actual compensatory damages suffered;

b.   Statutory damages of $1,000.00;

c.   Plaintiff's attorneys' fees and costs;

d.   Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**SABREEM ALEEM**

By: _____

Larry P. Smith
Attorney for Plaintiff

Dated: September 22, 2010

6

Larry P. Smith (Atty. No.: 6217162)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x811)
Facsimile:  (888) 418-1277
E-Mail:     lsmith@smithlaw.us